UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH BRAGG,

        Petitioner,

v.                                                                                              Case No. 12-12740
                                                                                          HON. AVERN COHN

HEIDI WASHINGTON, *et al.,*

        Respondents.

_____/

## ORDER DISMISSING PETITION WITHOUT PREJUDICE
## AND DENYING A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Kenneth Bragg, proceeding pro se, is challenging his Macomb County convictions for three counts of identity theft, M.C.L. § 445.65, and three counts of possession of personal identification information with intent to commit identity theft, M.C.L. § 445.67. He was sentenced on December 6, 2011, to imprisonment for one and a half to five years. For the reasons that follow, the petition will be dismissed without prejudice for failure to exhaust available state court remedies.

### II. Background

In his petition, Petitioner states that he did not appeal to the Michigan Court of Appeals, nor file a motion for relief from judgment.[1] Petitioner then filed this action on

---

[1] Petitioner also states that he filed a prior federal civil rights complaint claiming that he was wrongly prosecuted and convicted. The Court summarily dismissed his complaint because his claims were nor properly brought as civil rights claims. The Court also suggested that a habeas petition was the proper way to challenge his

June 21, 2012.[2]  He claims that (1) he was wrongfully prosecuted for, and convicted of, identity theft and (2) he was deprived of effective assistance of counsel.

### III.  Discussion

#### A.

A preliminary question is whether Petitioner exhausted state remedies for his claims.  District courts may not grant a state prisoner's application for the writ of habeas unless the petitioner has exhausted the remedies available in state court.  28 U.S.C. § 2254(b)(1)(A).  To properly exhaust state remedies, the petitioner must fairly present the factual and legal basis for each claim to the state courts before seeking federal habeas corpus relief.  Nali v. Phillips, 681 F.3d 837, 851 (6th Cir. 2012).  The exhaustion requirement generally is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State."  O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999).  Courts may excuse the exhaustion requirement where "there is an absence of available State corrective process" or where "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B); Nali, 681 F.3d at 851 n.2.

---

convictions.  See Bragg v. County of Macomb, et al., No. 12-12198 (E.D. Mich. June 4, 2012).

   [2] Although Petitioner placed the case number for his prior civil rights case in the caption, he titled his pleading "Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody."  Consequently, the Clerk of the Court correctly treated the pleading as a new habeas case.

Moreover, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."); see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (explaining that district courts have the duty to "screen out" habeas petitions that lack merit on their face and that "[n]o return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself.

B.

Here, Petitioner admits that he did not appeal his convictions, and the deadline for filing an application for leave to appeal in the Michigan Court of Appeals appears to have expired.[3] Petitioner nevertheless may file a motion for relief from judgment in the trial court. See Mich. Ct. R. 6.502. And, if the trial court denies his motion, he may apply for leave to appeal in the Michigan Court of Appeals and in the Michigan Supreme Court. See Mich. Ct. R. 6.509(A), 7.203(B), and 7.302. Thus, Petitioner has an available state court remedy which he must pursue before filing a habeas petition.

IV. Conclusion

Accordingly, for the reasons stated above, the petition is **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to file a timely habeas petition in federal court following

---

[3] A defendant generally has six months from the final judgment to file an application for leave to appeal in the Michigan Court of Appeals. See Mich. Ct. R. 7.205(F)(3). Petitioner signed and dated his habeas corpus petition on June 16, 2012, more than six months after the judgment of sentence, allegedly entered on December 6, 2011.

exhaustion of his state court remedies.  The Court warns Petitioner that there is a one-year statute of limitations for habeas petitions filed under § 2254, see 28 U.S.C. § 2244(d)(1), and that the limitation period appears to be running on his claims.[4]

The Court DECLINES to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.


Dated:  July 31, 2012                      S/Avern Cohn
                                           AVERN COHN
                                           UNITED STATES DISTRICT JUDGE

---

[4] The limitation period runs from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**12-12740 Bragg v. Washington, et al**
**Order Dismissing Petition Without Prejudice and**
**Denying Certificate of Appealability**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 31, 2012, by electronic and/or ordinary mail.

<u>  S/Julie Owens                    </u>
Case Manager, (313) 234-5160